NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 11 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUCIA IVETTE DUENAS
ROSALES; M.J.-L.D.; N.E.-L.D.,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3421

Agency Nos.
A216-269-203
A216-269-204
A216-269-205

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 9, 2025**
Pasadena, California

Before: BADE and SUNG, Circuit Judges, and KANE, District Judge.***

Petitioners Lucia Ivette Duenas Rosales ("Duenas Rosales") and her two

minor children (collectively, "Petitioners"), citizens of El Salvador, petition for

---

* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*** The Honorable Yvette Kane, United States District Judge for the
Middle District of Pennsylvania, sitting by designation.

review of a decision by the Board of Immigration Appeals ("BIA") affirming an order by an Immigration Judge ("IJ") denying Duenas Rosales's applications for asylum,[1] withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872 (BIA 1994), "and also provide[s] its own analysis," "we review both the BIA and IJ's decisions." *Posos-Sanchez v. Garland*, 3 F.4th 1176, 1182 (9th Cir. 2021). "We review the agency's legal conclusions de novo and review its factual findings for substantial evidence." *Id*.

1. Substantial evidence supports the agency's determination that Duenas Rosales did not establish eligibility for asylum and withholding of removal. To be eligible for either asylum or withholding of removal, an applicant must establish a threat of persecution on account of a "protected ground," such as membership in a "particular social group." *Plancarte Sauceda v. Garland*, 23 F.4th 824, 833 (9th Cir. 2022). "An applicant who requests asylum or withholding of removal based on membership in a particular social group must establish that the group is: (1) composed of members who share a common immutable characteristic,

---

[1] Duenas Rosales's children are derivative beneficiaries for the purposes of her asylum application. *See Sumolang v. Holder*, 723 F.3d 1080, 1083 (9th Cir. 2013).

(2) defined with particularity, and (3) socially distinct within the society in question." *Id*. (quotation marks and citations omitted). "Whether a particular social group is cognizable is a question of law that we review de novo, although the issue of social distinction—whether there is evidence that a specific society recognizes a social group—is a question of fact that we review for substantial evidence." *Aleman-Belloso v. Bondi*, 128 F.4th 1031, 1042–43 (9th Cir. 2024) (internal quotation marks and citations omitted).

Here, the agency correctly determined that Duenas Rosales failed to establish that her proposed social group of "business owners" is cognizable. Substantial evidence supports the agency's determination that this group lacks social distinction in El Salvador, particularly given that Duenas Rosales does not present evidence to support distinctiveness. Additionally, we have previously held that being a "business owner" is not an immutable trait. *See Macedo Templos v. Wilkinson*, 987 F.3d 877, 882–83 (9th Cir. 2021) (concluding that "being a wealthy business owner is not an immutable characteristic because it is not fundamental to an individual's identity"). Although immutability is a case-specific inquiry, *see Plancarte Sauceda*, 23 F.4th at 833, Duenas Rosales does not present evidence of immutability that could justify a different conclusion in this case. Finally, to the extent that Duenas Rosales asserts membership in other social groups—namely "business owner[s] operating their business from their house," and relatives of her

brother—we do not address these arguments because, as Respondent asserts, they were not exhausted before the agency. *See Suate-Orellana v. Garland*, 101 F.4th 624, 629 (9th Cir. 2024).[2]

2. Substantial evidence also supports the agency's denial of CAT protection. "To be eligible for relief under CAT, an applicant bears the burden of establishing that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). The IJ, affirmed by the BIA, determined that Duenas Rosales "failed to establish that the Government of El Salvador is acquiescing or otherwise turning a blind eye to gang activity," and the record does not compel a different conclusion. Duenas Rosales argues that the BIA ignored certain country conditions evidence. We presume that the BIA reviewed the record, *Hernandez v. Garland*, 52 F.4th 757, 771 (9th Cir. 2022), and it was not required to "expressly discuss" this evidence which is neither "highly probative nor potentially dispositive." *Id.* (quotation marks and citation omitted).

3. Finally, Duenas Rosales argues that the agency erred by failing to consider evidence related to the harm her family experienced. The IJ's decision

---

[2] Remand is not warranted based on the IJ's citation to *Matter of A-B-* ("*A-B-*"), 27 I. & N. Dec. 316, 316 (A.G. 2018). Although *A-B-* has been vacated, *see Matter of A-B-*, 28 I. & N. Dec. 307, 307 (A.G. 2021), the BIA clarified that it did not consider *A-B-* in reviewing the IJ's decision. Any error was therefore harmless. *See Park v. Garland*, 72 F.4th 965, 979 (9th Cir. 2023).

stated that the IJ "considered all the evidence in its totality . . . whether specifically mentioned or not," and we presume that the BIA reviewed the record. *Id.* There is no indication that the BIA failed to "consider all of the evidence before it." *Cole v. Holder*, 659 F.3d 762, 771–72 (9th Cir. 2011) (quotation marks and citations omitted). Because Duenas Rosales has not demonstrated that the evidence regarding her family is "highly probative or potentially dispositive" with respect to any of her claims, the agency was not required to specifically discuss that evidence. *Hernandez*, 52 F.4th at 771.

    **PETITION DENIED.**